No. 90,707

In the Matter of GEARY N. GORUP, *Respondent*.

(78 P.3d 812)

Opinion filed October 31, 2003.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Geary N. Gorup*, respondent, appeared pro se.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Geary N. Gorup, of Wichita, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent contained six counts alleging violations of KRPC 1.3 (2002 Kan. Ct. R. Annot. 328) (diligence and promptness); 3.2 (2003 Kan. Ct. R. Annot. 408) (expediting litigation); and Supreme Court Rule 207 (2002 Kan. Ct. R. Annot. 247) (failure to cooperate). Respondent filed an answer admitting the allegations in the complaint and the violations of KRPC 1.3, 3.2, and Supreme Court Rule 207.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on January 16, 2003. Respondent appeared pro se and testified at the panel hearing and stipulated to the facts and to the violations of KRPC as set forth in the complaint. After the hearing ended, the panel concluded that respondent had an excellent reputation as a skilled attorney, was still suffering from depression, and should immediately refrain from practicing law. Thus, the panel decided to hold the case in abeyance for 6 months and enter an interim report. The interim report required respondent to comply with certain terms and conditions. Respondent was to refrain from practicing law and withdraw as counsel in each case in which he was counsel of record, obtain a "second opinion" from either a licensed psychologist or psychiatrist, and draft a proposed plan of probation. If the respondent complied with the conditions, then a second hearing was scheduled to determine if respondent

should be placed on probation or suspended. If the respondent failed to comply with the conditions, the panel would immediately proceed to issue a final hearing report. There was some dispute as to whether respondent understood or agreed to comply with the conditions, but the fact is he did not. On April 9, 2003, the hearing panel resumed the hearing. The appearances were the same as the first hearing. Based upon the evidence presented at the hearings, the panel made findings of fact that are set out in paragraphs 1 thru 132 in the final report. Respondent did not file exceptions to the facts as found by the panel, which are deemed to be admitted pursuant to Rule 212(c) and (d) (2002 Kan. Ct. R. Annot 266).

The six counts in the complaint are based on respondent's misconduct in 20 appellate cases. His misconduct in 18 of those cases is very similar and involves his handling of the appeal in each case in the years 1999 through 2002. Darren E. Perkins, DA8082, and Eric Ashley, DA8090, filed complaints regarding respondent's representation in their respective appeals to the Kansas Court of Appeals. In both cases respondent was requested to provide a written response, but failed to do so in a timely manner. DA8286 resulted from the Honorable Robert L. Gernon informing the Disciplinary Administrator's office that two appellate cases (*Davis v. State* and *Sims v. State*) were dismissed due to respondent's failure to file a brief. Respondent also failed to timely respond to a request to file a written response to the complaints.

In *Davis v. State*, respondent entered his appearance for Davis on October 4, 2000. Respondent filed three successive motions for extension of time to file a brief, which were granted. The third extension required the brief to be filed by February 16, 2001. Respondent failed to file the brief or request additional time by February 16, 2001.

Thereafter, the court issued a suspense order directing the brief to be filed by March 29, 2001. The respondent again failed to file a brief or request additional time. On May 4, 2001, the court issued a second suspense order directing that the brief be filed by May 11, 2001. The brief was not filed by that date and the appeal was dismissed. Mr. Davis filed a motion to reinstate his appeal. The

motion was granted and new counsel was appointed to represent Mr. Davis.

Respondent's misconduct was repeated in *Sims v. State*. Respondent entered his appearance on November 28, 2000, and after obtaining four extensions of time to file a brief, the fourth extension required a brief to be filed by April 20, 2001. Respondent failed to file a brief or ask for additional time.

The court issued a suspense order directing the brief be filed by May 25, 2001. The respondent again failed to file a brief or request additional time and the court dismissed the appeal. Respondent's motion to reinstate was granted and respondent was given until August 27, 2001, to file a brief. Respondent failed to do so and the court issued a second suspense order directing that a brief be filed by October 4, 2001. Respondent did not respond to the suspense order, and the court dismissed the appeal for the second time. On January 4, 2002, the court reinstated the appeal, removed respondent as counsel for Sims, and remanded the case for appointment of new counsel.

DA8457 resulted from respondent self-reporting his misconduct in representing Gary M. Bullock in his appeal in *State v. Bullock*, No. 86,256. Respondent entered his appearance on June 7, 2001, and requested one continuance to file a brief. He did not timely file the brief or request additional time to do so. The court issued a suspense order, to which the respondent failed to respond. On October 12, 2001, the appeal was dismissed. The court granted the respondent's motion to reinstate the appeal, removed respondent as counsel for Bullock, and remanded the case for appointment of new counsel to represent Bullock.

In DA8548 respondent was appointed to represent Rodney Boyd in his appeal in *Boyd v. State*, No. 87,822. Respondent's misconduct consisted of failure to file a brief within the allotted time. On December 28, 2001, the court issued a suspense order directing that a brief be filed by January 18, 2002. Respondent failed to file the brief or ask for additional time to do so. On March 15, 2002, the respondent was removed as counsel and the case remanded to the district court for appointment of new counsel to

represent Boyd. Thereafter Boyd filed a complaint with the Disciplinary Administrator, which respondent failed to timely respond.

In March 2002, the Honorable David S. Knudson forwarded materials to the Disciplinary Administrator's office regarding respondent's practice before the Kansas Court of Appeals. This resulted in an investigation by the Disciplinary Administrator's office. On April 17, 2002, the Disciplinary Administrator's office requested the respondent provide written response within 10 days regarding his representation in fourteen appellate cases. The respondent failed to respond within the 10 days. On May 13, 2002, he provided responses to 6 of the 14 cases. After a second request for responses in the remaining 8 cases, respondent provided written response in 4 of the 8 remaining cases. By August 8, 2002, the respondent responded to the remaining cases. Respondent's misconduct in the 14 appeals forms the basis for DA8556 and can be summarized as follows:

In *State v. Madison*, No. 87,412, *State v. Taylor*, No. 86,698, and *State v. Thomas*, No. 85,174, respondent failed to file any briefs after being granted several extensions of time to do so. As a result, in each case the court issued a suspense order directing that a brief be filed, and only after the court granted a final extension of time did the respondent finally file a brief. In *Baker v. State*, No. 87,425, *State v. Glass*, No. 86,914, *State v. Thomas*, No. 85,174, and *Lowe v. State*, No. 87,426, the appeals were dismissed after respondent was granted numerous extensions to file briefs and failed to do so. Respondent moved for reinstatement of the appeals and to file briefs out of time. The appeals were reinstated and respondent was removed as counsel. Thereafter, with the exceptions of the *Lowe* case, the court granted respondent's motions to file a brief instanter and ordered the newly appointed counsel to supplement respondent's briefs. In *State v. Calvert*, No. 82,489, *State v. Ditges*, No. 86,204, *State v. Douglas*, No. 87,402, and *State v. Silva*, No. 87,475, respondent was granted extensions of time to file briefs and failed to do so, and he either withdrew or was removed as counsel. In *Long v. State*, No. 88,240, respondent filed a motion for extension of time to file a brief. The court granted the motion and ordered the brief be filed by March 21, 2002.

Respondent failed to do so or request an additional extension. Thereafter, the court granted respondent's motions to file a brief out of time; the final deadline for doing so was May 24, 2002. Respondent failed to file a brief by that date. In *McNeal v. State*, No. 86,972, and *State v. Humiston*, No. 87,498, respondent failed to file briefs or request additional time to do so. Respondent's motions to file briefs out of time were granted. After the court granted respondent several extensions, it gave him a final extension. The appeals were dismissed after respondent failed to meet the final deadline.

The panel made the following conclusions of law:

"2. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. In this case, the Respondent failed to provide diligent representation to eighteen appellants when the Respondent failed to file timely appellate briefs, when he failed to file requests for extensions of time to file appellate briefs, and when appellate cases were dismissed because he failed to prosecute the cases. Because the Respondent failed to act with reasonable diligence and promptness in representing his clients, the Hearing Panel concludes that the respondent violated KRPC 1.3.

"3. An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. *Id.* Because the Respondent repeatedly failed to file timely appellate briefs, the Hearing Panel concludes that the Respondent violated KRPC 3.2.

"4. Kan. Sup. Ct. R. 207(b) provides as follows:

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

*Id.* In this case, the Respondent violated Kan. Sup. Ct. R. 207(b) by failing to timely provide written responses to the initial complaints regarding his representation of several clients. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b)."

The panel applied the ABA Standards for Imposing Lawyer Sanctions (1991) and considered ABA Standard 3 in making its recommendation as to the discipline to be imposed against the respondent. Pursuant to Standard 3 the panel considered the following factors:

"*Duty Violated.* The Respondent violated his duty to his clients to diligently represent their interests. Additionally, the Respondent violated his duty to the legal system to expedite litigation. The Respondent violated his duty to the legal profession to cooperate in disciplinary investigations.

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a direct result of the Respondent's misconduct, the Respondent's clients, the legal system, and the legal profession suffered actual injury.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"A Pattern of Misconduct. By repeatedly failing to diligently represent his clients and by repeatedly failing to expedite the appellate cases, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. By violating KRPC 1.3, KRPC 3.2, and Kan. Sup. Ct. R. 207, the Respondent committed multiple offenses.

"Substantial Experience in the Practice of Law. The Respondent was admitted to the practice of law in 1974. At the time the misconduct began, the Respondent had been practicing law for 29 years.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Absence of a Dishonest or Selfish Motive. The Respondent's misconduct was not motivated by dishonesty or selfishness.

"Personal or Emotional Problems if Such Misfortunes have Contributed to Violation of the Model Rules of Professional Conduct. The Respondent has suffered and continues to suffer from depression. The depression contributed to the Respondent's misconduct.

"Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct. In some of the cases where the Respondent was removed as counsel of record for the Appellees, the Respondent provided his work-product to the attorneys who were appointed to complete the appeal. By providing the work-product to the subsequent attorneys, the Respondent assisted them in completing the appeals.

"The Present and Past Attitude of the Attorney as Shown by his or her Cooperation During the Hearing and his or her Full Acknowledgment of the Transgressions. In his Answer, the Respondent admitted each of the allegations contained in the Formal Complaint. The Respondent cooperated fully throughout the hearing.

"Previous Good Character and Reputation in the Community Including Any Letters From Clients, Friends, and Lawyers in Support of the Character and

General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Wichita, Kansas. He enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by Respondent's Exhibit A received by the Hearing Panel.

"Remorse. The Respondent expressed genuine remorse at the hearing held in this matter.

"In addition to the above-cited factors, the Hearing Panel has examined and considered Standard 4.42, which provides: 'Suspension is generally appropriate when . . . a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.' Id. Additionally, the Hearing Panel considered Standard 7.2:

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Id."

The panel then concluded its recommendation as follows:

"Based upon the findings of fact, conclusions of law, and standards, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law in the state of Kansas. The Hearing Panel also recommends that the Respondent be required to undergo a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219. At the reinstatement hearing, the Respondent should be required to establish that he has received the appropriate professional help to enable him to prevent a repeat of the misconduct present in this case."

The appropriate discipline must be based upon the facts and circumstances in each case. In viewing these facts and circumstances we evaluate the duty respondent violated, his mental state, the potential or actual damage caused by this misconduct, and the aggravating and mitigating circumstances. The panel considered all of the above factors in arriving at its recommendation. The panel concluded respondent's inability to properly represent his clients was "either due to depression or some other unknown reason." This is not a case of dishonesty, nor did the respondent intend to harm his clients. However, respondent's misconduct was not an isolated occurrence, but was repeated in 18 appeals over a 3-year period. The panel noted that respondent has had a long and successful practice of law and enjoyed a reputation as a skilled attorney. For that reason the panel issued the interim report, which offered the respondent a way out of the maze he had created and the possibility of salvaging his law practice. Respondent chose not to accept and/or abide by the interim report. By failing to address

his depression, submit a workable probation plan, or refrain from practicing law pending a final report, he left the panel no choice but to recommend that he be suspended. The Disciplinary Administrator's office concurs with the panel's recommendation.

We conclude that the panel's conclusions of law are supported by its findings. We agree with and adopt the panel's conclusions and recommendations.

IT IS THEREFORE ORDERED that Geary N. Gorup be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion.

IT IS FURTHER ORDERED that Geary N. Gorup shall comply with Supreme Court Rule 218 (2002 Kan. Ct. R. Annot. 279) and in the event the respondent should seek reinstatement, he shall comply with Supreme Court Rule 219 (2002 Kan. Ct. R. Annot. 289).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that respondent pay the costs of these proceedings.

GERNON, J., not participating.

RICHARD D. GREENE, J., assigned